## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

EE MENG PEH,

    Plaintiff,

v.

TRENT V. KELIHER; KENNETH R. TEAGLE; and AYER RAJAH INVESTMENTS, LLC,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-139

## **O R D E R**

Presently before the Court are Plaintiff's Motion for Extension of Time to Effect Service on Defendants Keliher and Teagle, (doc. 18), and Defendant Ayer Rajah Investments, LLC's, Motion to Stay and Extension of Time to Meet All Case Deadlines, (doc. 20). For the reasons and in the manner set forth below, the Court **GRANTS in part** Plaintiff's Extension of Time to Effect Service and **GRANTS** Defendant Ayer Rajah's Motion to Stay and Extension to Meet Deadlines. Plaintiff and Defendants' counsel shall update the Court of the status of service of the Complaint within **twenty-one (21) days** of this Order.

### BACKGROUND

On October 14, 2016, Plaintiff filed his Complaint and alleged Defendants committed breach of contract, tortious fraud, and gross negligence in the performance of their fiduciary duties. (Doc. 1.) The Court directed Plaintiff to show cause within fourteen (14) days of its January 30, 2017, Order as to why Defendants had not been served with the Complaint. (Doc. 5.) Plaintiff responded that he was able to effect service on Defendant Ayer Rajah on

January 25, 2017, despite having earlier trouble with attempting service on a previous occasion. As to Defendants Keliher and Teague, both of whom reside in Singapore, Plaintiff states that Singapore is not a party to the Hague Convention or other treaty with the United States and requires letters rogatory be sent to its government to begin the lengthy process for service in Singapore. (Doc. 10.) Thus, Plaintiff maintained these events "constitute a reasonable basis for noncompliance" with Federal Rule of Civil Procedure 4(m).[1]

On February 13, 2017, attorney James Yancey appeared on behalf of all Defendants, and the Court granted attorney Auden Grumet's Motion for Leave to Appear *Pro Hac Vice* on behalf of Defendants. (Doc. 12.) Defendant Ayer Rajah filed a Special/Limited Appearance and Answer, through counsel, on March 2, 2017. (Doc. 14.) Defendant Ayer Rajah also filed a Response in opposition to Plaintiff's Response to the Court's January 30, 2017, Order. (Doc. 16.)

Plaintiff then filed the instant Motion for Extension of Time to Effect Service of the Complaint on Defendants Keliher and Teague. (Doc. 18.) Defendant Ayer Rajah then filed its Motion for Stay of Case and Extension of Deadlines. (Doc. 20.) The Court addresses the parties' Motions in turn.

## DISCUSSION

### I. Plaintiff's Motion for Extension of Time to Effect Service

In his Motion, Plaintiff seeks to have the time to serve Defendants Keliher and Teague extended for twenty-eight (28) days from the date of this Court's Order. Plaintiff moves

---

[1] Plaintiff attached to his Response to the Court's Order an email from Defendant Teagle dated December 9, 2016. This email and attached picture reveal Defendant Teagle received Plaintiff's Complaint. (Doc. 10-2.) In addition, before Plaintiff's counsel prepared the letters rogatory, he received notification that Defendants retained counsel in this case, pending *pro hac vice* admission to this District. (Doc. 10, p. 2.) The Court presumes Plaintiff offers this exhibit and assertion in support of his position he had a reasonable basis for his failure to comply with Rule 4(m).

2

pursuant to Federal Rule of Civil Procedure 6(b)(1) for good cause shown to allow for an extended period for service. (Doc. 18, p. 1) Plaintiff alleges Defendants Keliher and Teagle reside in Singapore, and according to the United States Postal Service, it will take at least seven (7) to twenty-one (21) days for delivery to a process server. In turn, the process servers counsel contacted in Singapore indicated "that initial attempt at service can be effected in 'a few days' after they receive the documents." (Id.)

Defendant Ayer Rajah asserts that Plaintiff has neither demonstrated good cause for his noncompliance with the Rules pertaining to service, nor has he shown more than simple inadvertence or mistake. Additionally, Defendant Ayer Rajah contends Plaintiff has offered no evidence or cited to any meaningful facts as to why he has failed to serve Defendants Keliher and Teagle. (Doc. 16, pp. 3–4.)

Federal Rule of Civil Procedure Rule 4(m) mandates that the Court dismiss a complaint when a plaintiff failed to effect service within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). However, a plaintiff may request an extension of time for service of process upon the showing of good cause. Id. A plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the deadline. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). "To demonstrate good cause, the plaintiff must offer evidence that he (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance[;] and (3) the basis for the delay was more than simple inadvertence or mistake." Durgin v. Mon, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009), *aff'd*, 415 F. App'x 161 (11th Cir. 2011) (citing Sanders, 151 F.R.D. at 139; Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1130–31 (11th Cir. 2005)). A court may extend the deadlines contained in Rule 4 "for good cause" shown "if the party failed to act because of

excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In addition, even in the absence of good cause "Rule 4(m) grants discretion to the district court to extend the time for service of process[.]" Horenkamp, 402 F.3d at 1132.

Here, Plaintiff "certifies" that he "proceeded in good faith to effect service of process on Defendants." (Doc. 10, p. 1.) Specifically, Plaintiff asserts he hired a process server in Michigan to serve Defendant Ayer Rajah at the address provided for Defendant Ayer Rajah's agent, but an unidentified person at that address initially denied knowledge of this Defendant at that location. On January 25, 2017, service of process was effected on Defendant Ayer Rajah. (Id.) Plaintiff contends he learned that Singapore, the country in which Defendants Keliher and Teagle reside, requires letters rogatory for service of summonses in that country for what would be "a lengthy process for service[.]" (Id. at p. 2.)

While Plaintiff certainly could have done more to serve Defendants Keliher and Teagle in a timely manner, he has not been derelict or otherwise eschewed his responsibility in prosecuting his claims. According to counsel, he attempted to timely serve Defendant Ayer Rajah, and he has taken steps to serve Defendants Keliher and Teagle. Thus, he has shown good cause for an extension of time for him to effectuate service in this case. Even if Plaintiff had not shown good cause to justify an extension of time as to Defendants Keliher and Teagle, the Court exercises its discretion to allow for additional time to serve those Defendants to prevent piecemeal litigation and to serve the ends of judicial efficiency.[2]

Accordingly, the Court **GRANTS in part** Plaintiff's Motion for Extension of Time to serve Defendants. Plaintiff shall have a period of **twenty-one (21) days**, **up to and including**

---

[2] The Court's extension should by no means be seen as an endorsement of counsel's delayed attempts to serve Defendants. In the future, the Court expects that counsel will make every effort to diligently adhere to the deadlines of this Court and of the Federal Rules of Civil Procedure.

4

**June 15, 2017**, to serve all Defendants with his Complaint.[3] At the end of this twenty-one day period, Plaintiff and Defendants' counsel **MUST** file a joint report updating the Court as to the status of service upon Defendants.[4] It is the Court's expectation that counsel will work together to resolve issues of service so the parties and the Court can move forward to address the merits of Plaintiff's claims.

## II. Defendant Ayer Rajah's Motion for Stay of Case and Extension of Deadlines

Defendant Ayer Rajah asserts service on it was untimely and that Defendants Keliher and Teagle have yet to be served with Plaintiff's Complaint. Given these circumstances, Defendant Ayer Rajah maintains that to undertake all tasks and obligations pursuant to the applicable Federal Rules of Civil Procedure and this Court's Local Rules would create unnecessary expense and burden to the parties. Thus, Defendant Ayer Rajah moves under Federal Rule of Civil Procedure 6(b) to extend the deadlines in this case and/or to stay proceedings. (Doc. 20, p. 2.) Defendant Ayer Rajah requests that this action be treated as if no Defendant has been properly served until such time as all Defendants have been properly served. (Id. at p. 3.)

Defendant has established good cause for its requested stay and extension of deadlines. It would be inefficient to proceed with this litigation while the service of Defendants remains uncertain. Accordingly, the Court **GRANTS** Defendant Ayer Rajah's Motion and **STAYS** the proceedings in this case, including all deadlines (other than Plaintiff's deadline to serve

---

[3] Plaintiff states that he already served Defendant Ayer Rajah on January 25, 2017, and he has filed an Affidavit of Service. (Doc. 10-1.) This service was thirteen (13) days after the ninety (90) day deadline of Rule 4(m). Indeed, in its Answer, Defendant Ayer Rajah contends that the Complaint should be dismissed for failure to timely serve process. (Doc. 13, p. 2.) However, if Defendant Ayer Rajah was properly served on January 25, 2017, that service is now timely, as it was prior to the extended deadline of June 15, 2017, set forth in this Order. Of course, if Defendant Ayer Rajah contends that it was not served properly on January 25, 2017, on some ground other than timeliness, that issue is not presently before the Court, and the Court offers no opinion on that argument.

[4] Additionally, Plaintiff is reminded of his obligation to file proof of service pursuant to Federal Rule of Civil Procedure 4(*l*).

Defendants) until further Order of the Court.  After the parties report to the Court on Plaintiff's efforts to serve Defendants, the Court may lift this stay and provide the parties with applicable deadlines they must satisfy.  However, until the stay is lifted, the parties are under no obligation to answer the Complaint, submit responsive pleadings, conduct a Rule 26(f) conference, or make any other filings in this case.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** Plaintiff's Extension of Time to Effect Service and **GRANTS** Defendant Ayer Rajah's Motion to Stay and Extension to Meet Deadlines.  Counsel shall update the Court of the status of service of the Complaint within **twenty-one (21) days** of this Order.

**SO ORDERED**, this 25th day of May, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6