IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| EE MENG PEH, | |
| Plaintiff, | CIVIL ACTION NO.: 2:16-cv-139 |
| v. | |
| TRENT V. KELIHER; KENNETH R. TEAGLE; and AYER RAJAH INVESTMENTS, LLC, | |
| Defendants. | |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently before the Court is Plaintiff's Second Motion for Extension of Time to Effect Service. (Doc. 25.) Defendant Ayer Rajah Investments, LLC, filed a Response.[1] (Doc. 26.) Plaintiff has not exercised diligence in serving Defendants Keliher and Teagle, and he has failed to comply with this Court's Local Rules regarding service and its May 25, 2017, Order directing that Plaintiff serve these Defendants within twenty-one days. Thus, the Court **DENIES** Plaintiff's Motion. Further, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** all claims against Defendants Trent V. Keliher and Kenneth R. Teagle. Within **fourteen (14) days** of the date of this Order, counsel for Plaintiff and Defendant Ayer Rajah Investments, LLC, shall hold a conference pursuant to Rule 26(f). Within **seven (7) days** of that conference, counsel shall file a Rule 26(f) Report with the Court. Counsel shall follow the directives contained in the Court's Rule 26 Instruction Order when holding their Rule 26 conference and filing the Rule 26(f) Report.

---

[1] Defendants Keliher and Teagle specially appear to join with Defendant Ayer Rajah in this Response, but these Defendants do not submit to this Court's jurisdiction or waive their right to contest service. (Doc. 26, p. 1 n.1.)

## BACKGROUND

On October 14, 2016, Plaintiff filed his Complaint and alleged Defendants committed breach of contract, tortious fraud, and gross negligence in the performance of their fiduciary duties. (Doc. 1.) The Court directed Plaintiff to show cause within fourteen (14) days of its January 30, 2017, Order as to why Defendants had not been served with the Complaint. (Doc. 5.) Plaintiff responded that he was able to effect service on Defendant Ayer Rajah on January 25, 2017, despite having trouble with attempting service on a previous occasion. As to Defendants Keliher and Teagle, both of whom reside in Singapore, Plaintiff stated that Singapore is not a party to the Hague Convention or other treaty with the United States and requires letters rogatory be sent to its government to begin the lengthy process for service in Singapore. (Doc. 10.) Thus, Plaintiff maintained these events "constitute a reasonable basis for noncompliance" with Federal Rule of Civil Procedure 4(m).

On February 13, 2017, attorney James Yancey appeared on behalf of all Defendants, and the Court granted attorney Auden Grumet's Motion for Leave to Appear *Pro Hac Vice* on behalf of Defendants. (Doc. 12.) Defendant Ayer Rajah filed a Special/Limited Appearance and Answer, through counsel, on March 2, 2017. (Doc. 14.) Defendant Ayer Rajah also filed a Response in opposition to Plaintiff's Response to the Court's January 30, 2017, Order. (Doc. 16.)

Plaintiff then filed his first Motion for Extension of Time to Effect Service of the Complaint. (Doc. 18.) The Court granted Plaintiff's Motion in part and allowed Plaintiff a period of twenty-one (21) days from the date of the Order to serve all Defendants. (Doc. 24, p. 5.) The Court found that Plaintiff had made efforts to serve Defendant Ayer Rajah, and Plaintiff contended that he had properly served that Defendant on January 25, 2017, which was

after the ninety day period provided by Rule 4(m) but within the extended deadline of June 15, 2017. (Id.) Further, the Court held that, while Plaintiff could have done more to serve Defendants Keliher and Teagle, he had not been derelict in his responsibility in prosecuting his claims. (Id. at p. 4.) However, the Court forewarned Plaintiff that the "extension should by no means be seen as an endorsement of counsel's delayed attempts to serve Defendants. In the future, the Court expects that counsel will make every effort to diligently adhere to the deadlines of this Court and of the Federal Rules of Civil Procedure." On the day before the expiration of the Court's imposed deadline, Plaintiff filed his Second Motion for Extension of Time for Service on Defendants Keliher and Teagle. (Doc. 25.)

## DISCUSSION

### I. Denial of Plaintiff's Motion for Extension of Time

Plaintiff requests that the Court extend the time for service on Defendants Keliher and Teagle by another twenty-one (21) days so that Plaintiff may have the opportunity to make additional service attempts and to determine what steps would be necessary to effect substituted service in Singapore. Counsel briefly chronicles the attempts to serve Defendants Keliher and Teagle since February 21, 2017, including four (4) unsuccessful attempts by a process server at the Singapore residences of Defendants Keliher and Teagle since May 11, 2017. (Doc. 25, pp. 1–2.) Plaintiff maintains that the process server has opined it may take another eight to twelve weeks' time to effect service and that Defendants Keliher and Teagle travel quite extensively. Additionally, counsel states substituted service may be had through e-mail and/or social media through the courts in Singapore, but he cannot provide an estimate for how long that process may take. (Id. at p. 2.)

3

Defendant Ayer Rajah contends Plaintiff has had more than enough time to effect service on Defendants Keliher and Teagle. In fact, Defendant Ayer Rajah notes Plaintiff has known Defendants Keliher and Teagle for many years and knows these Defendants travel frequently and should have anticipated the difficulties he could encounter in attempting to serve process upon these Defendants. (Doc. 26, p. 3.) Defendant Ayer Rajah's counsel avers he contacted Plaintiff's counsel in an attempt to resolve service issues, with certain conditions imposed, in January and February 2017; however, counsel were unable to reach an agreement. Defendant Ayer Rajah asserts the time has come for the Court to find Plaintiff to be derelict or otherwise has eschewed his responsibility in prosecuting his claims. (Id. at p. 4.)

Local Rule 4.3 of this Court provides, "It shall be the responsibility of the plaintiff or plaintiff's attorney to effectuate prompt service of the summons and a copy of the complaint[.]" Similarly, Federal Rule of Civil Procedure Rule 4(m) mandates that the Court dismiss a complaint when a plaintiff failed to effect service within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m).[2] However, the time limits of Rule 4(m) do not apply to service in a foreign country under Rule 4(f).[3] Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f)[.]"). Rule 4(f) provides, in relevant part, that a foreign

---

[2] A plaintiff may request an extension of time for service of process upon the showing of good cause. Fed. R. Civ. P. 4(m). A plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the deadline. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). "To demonstrate good cause, the plaintiff must offer evidence that he (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance[;] and (3) the basis for the delay was more than simple inadvertence or mistake." Durgin v. Mon, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009), aff'd, 415 F. App'x 161 (11th Cir. 2011) (citing Sanders, 151 F.R.D. at 139; Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1130–31 (11th Cir. 2005)). A court may extend the deadlines contained in Rule 4 "for good cause" shown "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In addition, even in the absence of good cause "Rule 4(m) grants discretion to the district court to extend the time for service of process[.]" Horenkamp, 402 F.3d at 1132. The Court includes discussion of Rule 4(m) to illustrate the standard under which the Court granted Plaintiff's previously-filed motion for extension of time.

[3] Remarkably, neither party brought this exception to the Court's attention. Indeed, Plaintiff does not provide any citation to legal authority in his Motion for Extension of Time.

defendant residing in a place where "there is no internationally agreed means, or if an international agreement allows but does not specify other means," may be served "by a method that is reasonably calculated to give notice[.]" Fed. R. Civ. P. 4(f)(2). As examples of manners that are "reasonably calculated to give notice[,] Rule 4(f)(2) provides:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[.]

Fed. R. Civ. P. 4(f)(2).

The Eleventh Circuit Court of Appeals has "not held in a published opinion whether or what time constraints apply to service on foreign defendants. Indeed, there is a considerable difference of opinion among circuits regarding what—if any—time limits apply to service of process on a foreign defendant." Harris v. Orange S.A., 636 F. App'x 476, 485 (11th Cir. 2015) (internal citation omitted), comparing Lucas v. Natoli, 936 F.2d 432, 432–33 (9th Cir. 1991) (no time limit), Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005) (time is "not unlimited"), and Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse, 996 F.2d 506, 512 (2d Cir. 1993) (attempt to serve must be made within 120 days). However, the Eleventh Circuit held, "[s]pecific time limits aside, '[m]ost courts faced with a challenge to the timeliness of foreign service have applied a 'flexible due diligence' standard to determine whether the delay should be excused.'" Id. (quoting Lozano v. Bosdet, 693 F.3d 485, 488–89 (5th Cir. 2012) (second

5

alteration in original)). Thus, the Eleventh Circuit joined "the majority of circuits to have considered the issue" and requires a plaintiff "to exercise diligence in attempting to effectuate service on a foreign defendant." Id. at 485–86.

The record in this case is replete with evidence that Plaintiff has not been diligent in attempting to serve Defendants. Moreover, Plaintiff failed to comply with the deadline for service that this Court set in its May 25, 2017, Order.

This cause of action has been pending before the Court for more than ten (10) months' time, and Plaintiff still has been unable to effect service on two of the three named Defendants. As noted above, Plaintiff filed his Complaint on October 14, 2016. (Doc. 1.) Initially, Plaintiff did not raise any difficulty of services issue with the Court. Rather, on January 31, 2017, the Court ordered Plaintiff to show cause as to why Defendants had not been served within the time period required by the Federal Rules of Civil Procedure. (Doc. 4.) Plaintiff responded to that Order. (Doc. 10.) Nearly a month later, Plaintiff then filed his first Motion for Extension of Time, which the Court granted in part. (Docs. 18, 23.) While the Court granted that Motion and found Plaintiff had not been entirely derelict in prosecuting this action under Rule 4(m), the Court specifically stated that it did not condone his lack of diligence in serving Defendants.

Allowing a second extension of time would be to reward Plaintiff for expending little to no effort to effect service on Defendants Keliher and Teagle until after the Court's Order dated January 30, 2017. Moreover, even after that Order, Plaintiff has not exercised diligence in attempting to serve Defendants Keliher and Teagle. In response to the Court's January 30, 2017, Order, Plaintiff asserted he sent a copy of his Complaint and a request for waiver of service to the last known addresses of Defendants Keliher and Teagle, and after receiving no response, he received summonses from the Clerk of Court on January 4, 2017. (Doc. 10, p. 1.) Plaintiff's

counsel also asserted he learned Singapore is not a party to any treaty with the United States, and he had to send letters rogatory to the Singaporean government. However, as of January 26, 2017, those letters rogatory still had not been prepared. (Id. at pp. 1–2.) In fact, there is still nothing before the Court indicating Plaintiff's counsel has completed the letters rogatory.

Further, Plaintiff's counsel did little to properly effect service on Defendants Keliher and Teagle following the Court's Orders of January 30, 2017, and May 25, 2017. According to Plaintiff's recent Motion for an extension, he had had a processor server in Singapore attempt to serve each of the two Defendants on four occasions. (Doc. 25, p. 1–2.) Plaintiff does not explain why he has only taken these minimal efforts in the face of two Court Orders. Even after the Court's May 25, 2017, Order imposing a twenty-one day deadline, Plaintiff did not operate with a sense of urgency. Rather, he continued to rely upon the same unsuccessful method of personal service and only made scant attempts at that. (Id.) Plaintiff now asks that the Court afford him time to "determine what steps would be necessary to effect Substituted Service in Singapore." (Id.) The time for making that determination passed long ago.

Plaintiff's present Motion comes before the Court nearly five (5) months after the Court's January 30, 2017, Order and six (6) months after the expiration of Rule 4(m)'s 90-day time period. While the Court is mindful that Rule 4(m)'s time limit does not apply, Rule 4(f) does not provide Plaintiff with an unlimited time period to serve foreign Defendants, either. Harris, 636 F. App'x at 486 (noting plaintiff allowed nearly three times the number of days allowed under Rule 4(m) to elapsed); Mumford v. Carnival Corp., 5 F. Supp. 3d 1365, 1367 (S.D. Fla. 2014) (dismissal warranted where plaintiff made no effort to serve foreign defendants, despite 242 days having elapsed between the filing of the complaint and dismissal). Additionally, this Court's Local Rule 4.3 requires that service be effectuated "promptly". Moreover, this Court has an

7

obligation to move cases forward as expeditiously as possible. This case has been pending before the Court for more than 280 days, or more than three times the period afforded under Rule 4(m), and still two of the three named Defendants have yet to be served.

It is understandable that Plaintiff would encounter some difficulty in serving Defendants Keliher and Teagle, who do not reside in this country. Nevertheless, Plaintiff knew that these Defendants were residents of Singapore when he filed his Complaint more than nine months ago. (Doc. 1, p. 1 ("Defendants Keliher and Teagle, residents of the Republic of Singapore . . . .").) Plaintiff must bear the responsibility of prosecuting this action against foreign Defendants and the hurdles that choice can present, including the requirements of perfecting service on foreign Defendants. See Brown v. True & Assocs., Ltd., No. CV412-233, 2012 WL 5364346 (S.D. Ga. Oct. 22, 2012) (discussing certain processes litigants who chose to file suit against foreign defendants must employ). What is more, Defendants should not have to bear the burden of Plaintiff having to educate himself as to these requirements. Plaintiff asserts that Defendants Keliher and Teagle "may also consider it in their interest [sic] to avoid service." (Doc. 25, p. 2.) However, there is nothing before the Court indicating that this assertion is anything more than conjecture on Plaintiff's part. Further, even though the Court wishes to avoid piecemeal litigation, Defendant Ayer Rajah deserves to have this case litigated efficiently, and the Court is not interested in allowing this case to be continued indefinitely while Plaintiff half-heartedly attempts to effect service.

Furthermore, granting Plaintiff's extension would not solve his problems with service. Although Plaintiff requests a twenty-one (21) day extension, he asserts personal service on Defendants Keliher and Teagle could take up to twelve weeks' time and that substituted service would take an indeterminate time to perfect. If the Court were to grant Plaintiff's requested

8

extension, service would still not be timely perfected, and the Court would likely be faced with a third motion for extension of time to serve Keliher and Teagle. Thus, the Court and the parties would be in no better position at the end of these twenty-one (21) days than they currently are.

Consequently, with Plaintiff having failed to show reasonable diligence, the Court cannot grant Plaintiff's second Motion for Extension of Time. Plaintiff has not exercised reasonable diligence warranting a second extension of time to effect service on Defendants Keliher and Teagle, he has failed to comply with this Court's Local Rules regarding service, and he has failed to comply with this Court's May 25, 2017, Order. Accordingly, the Court **DENIES** Plaintiff's Motion.

## II.  Dismissal of Plaintiff's Claims against Defendants Keliher and Teagle

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and

ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of all claims against Defendants Keliher and Teagle without prejudice is more than warranted. Despite having been twice advised of his obligation to timely serve Defendants Keliher and Teagle, Plaintiff has failed to do so. He has not exercised reasonable diligence in prosecuting his claims against these Defendants, and he has failed to comply with this Court's Local Rules and Orders. Even at this late date, Plaintiff is no closer to serving these two Defendants than when he filed this action over nine months ago. Consequently, the Court should **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants Keliher and Teagle.

**CONCLUSION**

For all of the above-stated reasons, the Court **DENIES** Plaintiff's Second Motion for Extension of Time. (Doc. 25.) Additionally, given Plaintiff's failure to timely effect service and noncompliance with this Court's Order, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendants Keliher and Teagle **WITHOUT PREJUDICE**.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED**, this 28th day of July, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA